UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

CHRISTOPHER APPLEWHITE,

                                     Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER EMRAH
ATES (SHIELD NO. 19618), POLICE OFFICER
RICHARD ELLIOTT (SHIELD NO. 21793), POLICE
OFFICER DOMENICK DESIERVI (SHIELD NO. 16241)

                                     Defendants.

------------------------------------------------------------------------- x

**ECF CASE**

**FIRST AMENDED COMPLAINT**

11-CV-0802 (DAB)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff Christopher Applewhite ("Plaintiff") seeks relief for the violation of his rights secured by 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. This case arises from a December 15, 2010 incident in which members of the New York City Police Department ("NYPD") subjected Plaintiff to false arrest, false imprisonment, excessive force, assault, battery, an illegal strip search and fabrication of evidence in violation of the Fourth, Sixth, and Fourteenth Amendments to the Constitution and New York common law. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants City of New York ("City") and the officers are located in and subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's deliberate indifference to Plaintiff's rights under federal law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

**PARTIES**

4. Plaintiff is a resident of the State of New York.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Richard Elliot, Emrah Ates and Domenick Desiervi (the "officers") are members of the NYPD who were involved in the arrest of Plaintiff on December 15, 2010. The Officers are sued in their individual capacities.

**STATEMENT OF FACTS**

7. On December 15, 2010 at approximately 8:40 p.m., Plaintiff, along with his three children, was in a store in the vicinity of 36th Street and Neptune Avenue in Brooklyn, New York.

8. The officers approached Plaintiff and a number of others present in the store, searched Plaintiff, and placed him in extremely tight handcuffs.

9. Plaintiff was then taken to the precinct. At the precinct, Plaintiff was strip-searched. From the precinct, Plaintiff was taken taken to Brooklyn Central Booking.

10. While Plaintiff was confined in Brooklyn Central Booking, the officers, misrepresented to the Kings County District Attorney's Office that Plaintiff had committed crimes.

11. On December 16, 2010, at around 4:00 p.m., Plaintiff was released from Brooklyn Central Booking after the Kings County District Attorney declined to prosecute him.

12. As a result of Defendants' actions, Plaintiff suffered emotional distress, fear, embarrassment, humiliation, discomfort, and a loss of liberty.

### FEDERAL CLAIMS AGAINST POLICE OFFICERS ATES, ELLIOTT AND DESIERVI

13. Plaintiff repeats and realleges the foregoing as if fully set forth herein.

14. The conduct of the officers, as described herein, amounted to false arrest and an illegal strip search. This conduct violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

15. Plaintiff repeats and realleges the foregoing as if fully set forth herein.

16. The City of New York directly caused the constitutional violations suffered by Plaintiff.

17. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual Defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor its officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against its officers.

18. The aforesaid conduct by the City of New York violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the Defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:	April 20, 2011

New York, New York

Robert Marinelli

305 Broadway, 14th Floor

New York, New York 10007

(212) 822-1427


_____

ROBERT MARINELLI (RM-4242)